UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | | |
|---|---|---|
| **STACY KELLE HUGHES** | * | **CIVIL ACTION NO. 17-0711** |
| **VERSUS** | * | **JUDGE ROBERT G. JAMES** |
| **SHERIFF STEVE PRATOR, IN HIS PUBLIC ENTITY RESPONSIBLE FOR THE CADDO PARISH SHERIFF'S OFFICE** | * | **MAG. JUDGE KAREN L. HAYES** |

## REPORT AND RECOMMENDATION

Before the undersigned magistrate judge, on reference from the District Court, is a motion to dismiss for failure to state a claim upon which relief can be granted [doc. #8] filed by defendant, Sheriff Steve Prator, in his public entity responsible for the Caddo Parish Sheriff's Office. For reasons set forth below, it is recommended that the motion be denied.

### Background

On August 25, 2017, plaintiff, Stacy Kelle Hughes, filed the instant complaint pursuant to Title II of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12131 *et seq*. and Section 504 of the Rehabilitation Act of 1973 ("Rehabilitation Act"), 29 U.S.C. § 794. Plaintiff is deaf and illiterate.[1] Plaintiff's primary means of communication is American Sign Language ("ASL").

On September 7, 2016, plaintiff was arrested, charged with burglary, and incarcerated at the Caddo Correctional Center. On the same day, plaintiff had his first appearance in the First Judicial District Court for the Parish of Caddo. Plaintiff could not meaningfully communicate with the court or his attorney because no ASL interpreter was provided. Defendant provided

---

[1] For the purposes of this motion, the allegations set forth in the complaint are presumed true. Accordingly, the recitation of facts contained herein is a reproduction of plaintiff's allegations, not findings that those allegations are true.

courtroom security for all the court appearances mentioned herein.

Plaintiff appeared in court five times between September 12, 2016 and March 14, 2017. Each time an ASL interpreter was provided. However, plaintiff was unable to meaningfully communicate with the ASL interpreter, the court, or his attorney because he was handcuffed. Although plaintiff's disability and need to use his hands to communicate was obvious, defendant refused to remove plaintiff's handcuffs during each of his in-court appearances. During each of these in-court appearances, plaintiff could not ask questions, give nuanced answers, develop case strategy with his attorney, or engage in contemporaneous communication with his attorney. At the December 13, 2016 hearing, plaintiff attempted to make a motion to appoint new counsel, but was unable to do so due to his inability to communicate with the court. At the March 14, 2017 hearing, the Assistant District Attorney stated that plaintiff needed to have use of his hands to speak with the court and his attorney. The hearing was continued.

On March 22, 2017, plaintiff appeared in court via video teleconferencing from the Caddo Correctional Center. An ASL interpreter was provided in the room with plaintiff. However, plaintiff's attorney was present in the courtroom. Accordingly, plaintiff was unable to confidentially communicate with his attorney. Nonetheless, plaintiff entered a guilty plea, which was accepted by the court.

Plaintiff claims that defendant intentionally discriminated against him and failed provide him with reasonable and feasible accommodations that would have allowed him to use his hands for communication. Accordingly, plaintiff asserts that defendant violated the ADA and Rehabilitation Act. Plaintiff seeks injunctive relief and a monetary award for compensatory and statutory damages, attorney's fees, and costs.

On July 24, 2017, defendant filed the instant motion to dismiss for failure to state a claim

upon which relief can be granted [doc #8]. On September 5, 2017, plaintiff filed his opposition memorandum [doc #12]. On September 18, 2017, defendant filed a reply [doc. # 17]. Thus, the matter is ripe.

## Analysis

### I. Standard of Review

The Federal Rules of Civil Procedure sanction dismissal where the plaintiff fails "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A pleading states a claim for relief, *inter alia*, when it contains a "short and plain statement . . . showing that the pleader is entitled to relief . . ." Fed. R. Civ. P. 8(a)(2). Circumstances constituting fraud or mistake, however, must be alleged with particularity. Fed. R. Civ. P. 9(b).

To withstand a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955 (2007)). A claim is facially plausible when it contains sufficient factual content for the court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. *Plausibility* does not equate to *possibility* or *probability*; it lies somewhere in between. *See Iqbal, supra*. Plausibility simply calls for enough factual allegations to raise a reasonable expectation that discovery will reveal evidence to support the elements of the claim. *See Twombly*, 550 U.S. at 556, 127 S. Ct. at 1965.

Although the court must accept as true all factual allegations set forth in the complaint, the same presumption does not extend to legal conclusions. *Iqbal, supra*. A pleading comprised of "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" does not satisfy Rule 8. *Id*. "[P]laintiffs must allege facts that support the elements of the cause of

action in order to make out a valid claim." *City of Clinton, Ark, supra*.

Assessing whether a complaint states a plausible claim for relief is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*. (citation omitted). A well-pleaded complaint may proceed even if it strikes the court that actual proof of the asserted facts is improbable, and that recovery is unlikely. *Twombly, supra*. Nevertheless, a court is compelled to dismiss an otherwise well-pleaded claim if it is premised upon an invalid legal theory. *Neitzke v. Williams*, 490 U.S. 319, 109 S. Ct. 1827 (1989).

When considering a motion to dismiss, courts generally are limited to the complaint and its proper attachments. *Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 338 (5th Cir. 2008) (citation omitted). However, courts may rely upon "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Id*.

## II. The Holding of *Heck* Applies to ADA and Rehabilitation Act Claims.

Defendant argues that ruling for plaintiff on his claims under the ADA and the Rehabilitation Act would undermine the validity of plaintiff's guilty plea to burglary. Accordingly, defendant argues those claims are barred under *Heck v. Humphrey,* 512 U.S. 477, 486-87, 114 S. Ct. 2364, 129 L. Ed.2d 383 (1994) and its progeny.

In *Heck*, the petitioner was convicted of murder in state court. *Heck,* 512 U.S. at 478. While his appeal was pending, the petitioner filed a suit against several state officials under 42 U.S.C. 1983 alleging that the officials committed various bad acts that violated his constitutional rights and led to his arrest and conviction. *Id*. The Court considered whether it should allow hte petitioner's claims under 42 U.S.C. § 1983 to proceed.

The Court's reasoning was guided by the "strong judicial policy against the creation of two conflicting resolutions arising out of the same or identical transaction." *Heck*, 512 U.S. at

484 (quoting 8 S. Speiser, C. Krause, & A. Gans, American Law of Torts § 28:5, p. 24 (1991)). Likewise, the Court sought to uphold "the hoary principle that civil tort actions are not appropriate vehicles for challenging the validity of outstanding criminal judgments."[2] *Heck*, 512 U.S. at 486. Ultimately, the Court, as it has in the past, "declined to expand opportunities for collateral attack" of criminal convictions. *Id.* at 485. Specifically, the Court held:

> to recover damages for . . . harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus.

*Id.* at 486-87.

Neither the Supreme Court nor the Fifth Circuit have specifically held that the reasoning in *Heck* applies to claims brought under the ADA or Rehabilitation Act. However, the principles that guided the Court to reach its holding in *Heck*: limiting collateral attacks and that a civil tort action is not an appropriate means for challenging a criminal conviction, are equally relevant to claims under the ADA and Rehabilitation Act. The undersigned agrees with the majority of courts that have addressed this issue and concludes that the holding of *Heck* should be extended to include claims under the ADA and Rehabilitation Act. *See Miller v. Wayback House*, No. 3:05-CV-1838-L, 2006 WL 297769, at *3 (N.D. Tex. Feb. 1, 2006), subsequently *aff'd*, 253 F. App'x 399 (5th Cir. 2007) ("The Court finds the above decisions persuasive and holds that *Heck* applies to Plaintiff's § 1983 claims as well as to his ADA claims."); *Hendricks v. Richards*, No.

---

[2] "At the core of Heck is a proscription against allowing a civil suit to cast doubt on a criminal conviction." *Crowe v. Hoffman*, No. 12-687, 2013 WL 357006, at *2 (E.D. La. Jan. 29, 2013) (citing *Heck*, 512 U.S. at 487)).

4:10-CV-011-Y, 2010 WL 3911432, at *3 (N.D. Tex. Oct. 6, 2010) ("[Plaintiff's] claims under § 1983 and under the ADA are not cognizable unless he has satisfied the conditions set by *Heck*."); *Deatherage v. Stice*, No. CIV-05-91-F, 2006 WL 249664 (W.D. Okla. Feb. 1, 2006) (holding that *Heck* applies to plaintiff's ADA claim).

In reviewing the plaintiff's allegation, the court must determine "whether success on the [claim] requires negation of an element of the criminal offense or proof of a fact that is inherently inconsistent with one underlying the criminal conviction." *Bush v. Strain*, 513 F.3d 492, 497 (5th Cir. 2008). "The threshold question for a *Heck*-type analysis is whether a successful [claim] would necessarily imply the invalidity of a criminal conviction." *Clay v. Allen*, 242 F.3d 679, 682 (5th Cir. 2001). "[I]f it would, the complaint must be dismissed. . . . But if the district court determines that the plaintiff's action, even if successful, will not demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed. . . ." *Heck*, 512 U.S. at 487. Accordingly, "*Heck* is not 'implicated by a prisoner's challenge that threatens no consequence for his [underlying] conviction or the duration of his sentence.'" *Mosley v. White*, 464 F. App'x 206, 210–11 (5th Cir. 2010) (quoting *Muhammad v. Close*, 540 U.S. 749, 751, 124 S. Ct. 1303, 158 L. Ed.2d 32 (2004)).

As this is a motion to dismiss for failure to state a claim, "the district court must accept all well-pleaded facts as true and view them in the light most favorable to the plaintiff." *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). Here, this means that the court must read the complaint, to the extent reasonable, as not necessarily implying the invalidity of plaintiff's criminal conviction. *See McCann v. Neilsen*, 466 F.3d 619, 622-23 (7th Cir. 2006) ("Given our obligation at this stage of the proceedings to construe the complaint in the light most

6

favorable to the nonmoving party, we . . . hold that McCann's claim is not barred by *Heck*.").

### III.  Plaintiff's Allegations Do Not Imply The Invalidity Of His Guilty Plea.

Plaintiff alleges that he was unable to "meaningfully communicate" with his attorney, the court, or the ASL interpreter during several of his in-court appearances because defendant refused to remove his handcuffs.  Plaintiff expounds on the extent of his hindered ability to communicate by alleging that he was unable to make an "oral" motion in court, ask questions, give nuanced answers, develop case strategy with his attorney, or engage in contemporaneous communication with his attorney.  Finally, he alleges that when he appeared before the court via teleconference to plead guilty, he could not confidentially communicate with his attorney.

Plaintiff does not allege that he was innocent of the offense to which he pled guilty, nor does he claim that his guilty plea was not knowing and voluntary.  Plaintiff does not seek to reduce or overturn his sentence, and does not assert that his constitutional rights were violated.  In fact, plaintiff concedes that he was not "completely denied the assistance of capable counsel at any stage of the proceedings."  Plaintiff's Memorandum in Opposition, doc #12, p. 8.

Defendant argues that plaintiff's claims necessarily impugn the constitutionality of his conviction and sentence and, as such, are barred under *Heck.  See Boyd v. Biggers*, 31 F.3d 279, 283 (5th Cir. 1994) (Upholding the district court's dismissal with prejudice under *Heck* where the plaintiff's claims "challenge[d] the constitutionality of his conviction or sentence.").  Specifically, defendant asserts that plaintiff's allegations, if proven, would necessarily imply that plaintiff's Constitutional rights to effective assistance of counsel and to be present during criminal proceedings were violated.  Plaintiff responds that his Constitutional rights were not

violated and that his complaint's allegations would not support such a holding.

    A.    <u>Plaintiff's allegations do not state a claim that his right to counsel was violated.</u>

The Sixth Amendment guarantees that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defense." U.S. Const. amend. VI. The Sixth Amendment right to counsel applies to "critical" stages of the proceedings. *U.S. v. Wade*, 87 S. Ct. 1926, 1931 (1967). The right to counsel guaranteed by the Sixth Amendment includes "the right to the effective assistance of counsel." *McMann v. Richardson*, 397 U.S. 759, 771 n.14 (1970). Absent effective assistance of counsel a "serious risk of injustice infects the trial itself." *Cuyler v. Sullivan*, 446 U.S. 335, 343, 100 S. Ct. 1708, 64 L. Ed.2d 333 (1980).

As long as counsel is physically present in the courtroom, a Sixth Amendment right to counsel claim requires a showing of actual prejudice to the criminal defendant's case. *See U.S. v. Cronic*, 466 U.S. 648 (1984); *Gochicoa v. Johnson*, 238 F.3d 278, 285 (5th Cir. 2000); *Burdine v. Johnson*, 262 F.3d 336, 385 (5th Cir. 2001) ("'When the defendant receives at least some meaningful assistance, he must prove prejudice.'" (quoting *Goodwin v. Johnson*, 132 F.3d 162, 176-77 (5th Cir. 1997))). Plaintiff alleges that he was represented by counsel at the relevant court hearings. Plaintiff alleges that his counsel was physically present in the courtroom for each of the relevant hearings. Plaintiff does not allege that he was prejudiced by his diminished ability to communicate during the court hearings. Further, plaintiff concedes that his Sixth Amendment right to counsel was not denied and that he could not prove "any actual prejudice to his criminal case" caused by the alleged discrimination. Plaintiff's Memorandum in Opposition, doc #12, p. 8. Accordingly, reading the complaint in the light most favorable to plaintiff, the undersigned

concludes that plaintiff's allegations do not necessarily imply that defendant violated plaintiff's Sixth Amendment right to counsel.

    B.    Plaintiff's allegations do not imply that his right to be present was violated.

Defendant also argues that plaintiff's alleged diminished ability to communicate would have been tantamount to denial of plaintiff's right to be present at the court hearings in question. "[A] defendant is guaranteed the right to be present at any stage of the criminal proceeding that is critical to its outcome if his presence would contribute to the fairness of the procedure." *Kentucky v. Stincer*, 482 U.S. 730, 745, 107 S. Ct. 2658, 2667, 96 L. Ed. 2d 631 (1987). Ordinarily, this right is rooted in the Sixth Amendment's Confrontation Clause; however, "where the defendant is not actually confronting witnesses or evidence against him" "this right is protected by the Due Process Clause." *Styron v. Johnson*, 262 F.3d 438, 448 (5th Cir. 2001). "'[T]he presence of a defendant is a condition of due process to the extent that a fair and just hearing would be thwarted by his absence, and to that extent only'" *Styron*, 262 F.3d 438 at 448 (quoting *United States v. Gagnon*, 470 U.S. 522, 526, 105 S. Ct. 1482, 84 L. Ed.2d 486 (1985).

Where a criminal defendant is physically present, his right to be present may be violated where he is "unable to sufficiently understand the proceedings against him to be able to assist in his own defense." *Ferrell v. Estelle*, 568 F.2d 1128, 1132 (5th Cir. 1978), opinion withdrawn on other grounds, 573 F.2d 867 (5th Cir.1978). Plaintiff does not allege that he was unable to understand the relevant proceedings. Accordingly, it does not appear from the complaint that plaintiff's diminished ability to communicate was substantial enough to be a violation of his right to be present for the relevant court proceedings.

Even if plaintiff's allegations could support a claim for violation of his right to be present,

a violation of a criminal defendant's right to be present during court proceedings "only requires reversal if it constituted prejudicial error." *United States v. Gulley*, 526 F.3d 809, 822 (5th Cir. 2008) (citing *United States v. Hagmann*, 950 F.2d 175, 179 (5th Cir.1991). As stated above, Plaintiff does not allege that he was prejudiced by his diminished ability to communicate during the relevant court hearings. Accordingly, when read in the light most favorable to plaintiff, the complaint threatens no consequences to plaintiff's conviction or sentence.

Here, plaintiff has not alleged that he was prejudiced by the alleged discrimination, does not challenge his guilt of the charges to which he pled guilty, that his guilty plea was knowing and voluntary, or allege that he was unable to understand the proceedings. He does not seek to overturn his conviction. He instead seeks only monetary damages and costs for a technical violation of the ADA and Rehabilitation Act, and injunctive relief in case of any future court appearances. At this stage in the litigation, the undersigned concludes that it can reasonably construe plaintiff's complaint as not necessarily implying the invalidity of his criminal conviction. As such, defendant's motion to dismiss should be denied.[3]

## Conclusion

For the above-assigned reasons, IT IS RECOMMENDED that the motion to dismiss for failure to state a claim upon which relief can be granted [doc. # 8] filed by defendant, Sheriff Steve Prator, in his public entity responsible for the Caddo Parish Sheriff's Office, be DENIED.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and F.R.C.P. Rule 72(b), the parties

---

[3] This recommendation does not mean that *Heck* is inapplicable in this case. Plaintiff may amend his complaint or facts may come to light during discovery or at trial which show that plaintiff's claims, in fact, attack the validity of his criminal conviction and therefore are barred under *Heck*.

have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **fourteen (14) days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the District Judge before a final ruling issues.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

In Chambers, at Monroe, Louisiana, this 27th day of October 2017.

KAREN L. HAYES
UNITED STATES MAGISTRATE JUDGE