# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

# SHREVEPORT DIVISION

| | |
|---|---|
| STACY KELLE HUGHES | CIVIL ACTION NO. 17-0711 |
| VERSUS | JUDGE ROBERT G. JAMES |
| STEVE PRATOR | MAG. JUDGE KAREN HAYES |

## RULING

Before the Court is a Motion to Dismiss [Doc. No. 8] filed by Defendant Caddo Parish Sheriff Steve Prator. On October 27, 2017, Magistrate Judge Karen L. Hayes issued a Report and Recommendation [Doc. No. 18] in which she recommends denying Defendant's motion.

Defendant objected to the Report and Recommendation on November 13, 2017 [Doc. No. 19], and Plaintiff responded to the objection on November 27, 2017 [Doc. No. 20].

Having reviewed the entire record *de novo*, including Defendant's objection and Plaintiff's response, the Court concurs with the Magistrate Judge's findings and ADOPTS the Report and Recommendation. The Court issues this Ruling to address one non-dispositive misstatement of law.

Defendant moved for dismissal under *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994), arguing that the Court should dismiss Plaintiff's claims because they necessarily imply the invalidity of Plaintiff's conviction or sentence. [Doc. No. 8]. Pertinent here, Defendant argued that Plaintiff's allegations, if proven, would necessarily imply that Defendant deprived Plaintiff of his right to effective assistance of counsel. *Id.* Citing *U.S. v. Cronic*, 466 U.S. 648, 649 (1984), Defendant argued that Plaintiff's allegations amount to a constructive denial of counsel claim, where a court would presume prejudice without inquiring into Plaintiff's counsel's actual performance. [Doc. No. 17, p. 7].

The Magistrate Judge rejected Defendant's argument. [Doc. No. 18, pp. 8-9]. Citing *U.S. v. Cronic*, 466 U.S. 648, 649 (1984), *Gochicoa v. Johnson*, 238 F.3d 278, 285 (5th Cir. 2000), and *Burdine v. Johnson*, 262 F.3d 336, 338 (5th Cir. 2001), the Magistrate Judge stated, "As long as counsel is physically present in the courtroom, a Sixth Amendment right to counsel claim requires a showing of actual prejudice to the criminal defendant's case." *Id.* at 8. The Magistrate Judge then concluded that a court would not presume prejudice because Plaintiff does not allege that his counsel was physically absent from the courtroom for any relevant hearing. *Id.*

*Cronic*, *Gochicoa*, and *Burdine*, however, do not stand for the cited proposition. Whether a court will presume prejudice does not always depend on counsel's physical presence in, or absence from, the courtroom. In *Burdine*, the Fifth Circuit stated, "*Cronic*-type prejudice results in circumstances in which, *although counsel is present*, counsel's ineffectiveness is so egregious that the defendant is in effect denied any meaningful assistance of counsel at all." *Burdine*, 262 F.3d at 385 (emphasis added). Likewise, in *Gochicoa*, the Fifth Circuit did not limit presumed prejudice to cases in which counsel was physically absent: "We have found constructive denial in cases involving the absence of counsel from the courtroom, conflicts of interest between defense counsel and the defendant, and official interference with the defense . . . ." *Gochicoa*, 238 F.3d at 284.

*Cronic*, in particular, "identified three situations implicating the right to counsel that involved circumstances 'so likely to prejudice the accused that the cost of litigating their effect in a particular case is unjustified.'" *Bell v. Cone*, 535 U.S. 685, 695-96 (2002) (quoting *Cronic*, 466 U.S. at 658-59). First, prejudice is presumed "where the accused is denied the presence of counsel at 'a critical stage,' . . . ." *Id.* (internal citations omitted). Second, the Court "posited that a similar presumption was warranted if 'counsel entirely fails to subject the prosecution's case to meaningful adversarial

2

testing.'" *Id.* This presumption could apply even if counsel was physically present in the courtroom. *See Goodwin v. Johnson*, 132 F.3d 162, n.10 (5th Cir. 1997). Third, the Supreme Court stated "that in cases like *Powell v. Alabama*, 287 U.S. 45, 53 (1932), where counsel is called upon to render assistance under circumstances where competent counsel very likely could not, the defendant need not show that the proceedings were affected." *Bell*, 535 U.S. at 696 (citing Cronic, 466 U.S. at 659-62).[1] This scenario, like the former, does not necessarily turn on counsel's physical presence in, or absence from, the courtroom.

Regardless, none of the *Cronic* scenarios apply here. Plaintiff does not allege that counsel was absent at a critical stage,[2] that counsel entirely failed to subject the prosecution's case to meaningful adversarial testing, or that his counsel was called to render assistance under circumstances[3] where competent counsel very likely could not. Thus, a presumption of prejudice is not warranted.

---

[1] In *Powell*, the trial court appointed "all the members of the bar" to represent the defendants at arraignment. *Powell*, 287 U.S. at 49. In addition, only one attorney appeared, on the day of trial, to represent the defendants. *Id.* at 53. Under the circumstances, the Court concluded that "the likelihood that counsel could have performed as an effective adversary was so remote as to have made the trial inherently unfair." *Cronic*, 466 U.S. at 661 (citing *Powell*, 287 U.S. at 58).

[2] In *Wright v. Van Patten*, 552 U.S. 120, 121 (2008), the defendant claimed that his "right to counsel had been violated by his trial counsel's physical absence from the plea hearing." "His counsel was not physically present at the plea hearing but was linked to the courtroom by speakerphone." *Id.* The Court denied the claim, holding that its precedents did not "clearly hold that counsel's participation by speaker phone should be treated as a 'complete denial of counsel,' on par with total absence." *Id.* at 125. Here, Plaintiff alleges that he participated "via video teleconferencing[,]" but his counsel *was* physically present in the courtroom. [Doc. No. 1, p. 6-7].

[3] For instance, Plaintiff does not allege that his counsel operated under a conflict of interest or that the trial court appointed his counsel the day he pled guilty.

Instead, to assert a claim for ineffective assistance of counsel, Plaintiff would have to allege that counsel's actions prejudiced his defense (i.e. that but for counsel's actions, the result of the proceeding would have differed). *See U.S. v. Brown*, 167 F.3d 538 (5th Cir. 1998) ("Unless a defendant can show that his case is squarely governed by *Cronic*, he must rebut a presumption that the analysis for determining a Sixth Amendment violation is governed by *Washington*."). Plaintiff, however, does not allege prejudice.

Accordingly, as the Magistrate Judge concluded, accepting Plaintiff's allegations as true and rendering judgment in his favor would not necessarily imply the invalidity of his conviction. For this reason, as well as the reasons set forth in the Magistrate Judge's Report and Recommendation, Defendant's Motion to Dismiss is DENIED.

Monroe, Louisiana, this 5th day of December, 2017.

_____
ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE